The undersigned have reviewed the award based upon the record of the proceedings before the deputy commissioner.
The appealing party has shown good grounds to reconsider the evidence. However, upon much detailed reconsideration of the evidence as a whole, the undersigned reach the same facts and conclusions as those reached by the deputy commissioner, with some modifications. The Full Commission, in their discretion have determined that there are no good grounds in this case to receive further evidence or to rehear the parties or their representatives, as sufficient convincing evidence exists in the record to support their findings of fact, conclusions of law, and ultimate award.
 ***********
This case was initially heard before the deputy commissioner in High Point on April 9, 1997. The parties agreed at the initial hearing that the deceased employee, Mark Conley, died as the result of an injury by accident arising out of and in the course of his employment on November 13, 1995; that the employer-employee relationship existed between the deceased employee and Defendant-Employer; that the deceased employee's average weekly wage was $302.19, which yields a compensation rate of $201.47 per week; and the parties were subject to and bound by the Workers' Compensation Act. The parties further agreed to place into evidence certain stipulated documents, including the following:
1. Defendant shall pay compensation to the five children through the duly qualified and appointed general guardians of all five children at the rate of $201.47 per week per rata for 400 weeks beginning November 15, 1995, or until the oldest child attains the age of 18, and at such time, the other children will continue to receive their share of benefits until each child reaches the age of 18. Said weekly checks will continue until the last child reaches the age of 18. It is noted that there is no reapportionment of total benefits as each child reaches the age of eighteen. This compensation shall be paid to the duly appointed general guardians for the use and benefit of the minor children. That portion of the compensation which has accrued shall be paid in a lump sum. This Award is subject to the attorney's fee hereinafter approved.
2. Stipulated Exhibit 2 consisting of a Judgment by the New Hanover District Court entered March 20, 1996, finding the deceased in arrears of child support in the amount of $12,542.29.
3. Stipulated Exhibits consisting of OSHA regulations and violations.
Based on the competent, credible, and convincing evidence of record, the undersigned make the following
 FINDINGS OF FACT
1. The deceased employee died as the result of an injury by accident on November 13, 1995. The deceased was employed by Carolina Tree Care and on that date was part of a crew which was performing right-of-way maintenance work for North State Telephone Company. In the course of performing that work, the employer's crew secured a tree in the front yard of 114 Arthur Drive in Thomasville to another tree which was across Arthur Drive from that address. The rope connecting the two trees crossed the roadway at a height sufficient to allow the passage of passenger cars, but the crew failed to place any warning flags on the rope. The deceased employee climbed up into the tree in the front yard of 114 Arthur Drive to begin work, and after some period of time, a leaf collection truck owned by the City of Thomasville came down Arthur Drive toward the work area. A member of the employer's crew attempted to flag down the truck, but the driver did not slow down. The truck struck the section of rope stretched across Arthur Drive, pulling the tree in which the deceased was working toward the ground and causing the decedent to be thrown out of the tree. The deceased died at the scene.
2. At the initial hearing it was agreed that the following minor children were all legitimate children or acknowledged illegitimate children of the deceased employee: Heidi Michelle Smith, date of birth July 20, 1985; Christopher James Justice, date of birth June 7, 1988; Nicholas James Black, date of birth July 18, 1992; Elizabeth Nicole Conley, date of birth January 3, 1994; and Mark James Conley Ellison, date of birth April 24, 1995. Documentation was also introduced which evidenced the termination of the parental rights of the decedent as to Elizabeth Nicole Conley.
3. Seven minor children were claiming that they were entitled to death benefits as a result of Mark Conley's death. Each of those children has a Guardian ad litem and is represented by counsel. Following is a list of each child claiming benefits along with that child's Guardian ad litem and attorney:
Heidi Michelle Smith, DOB: 7/20/85
Brenda S. McDowell, GAL
David Whalen, Attorney
Christopher James Justice, DOB: 6/7/88
Tammy Justice, GAL
Thomas Clare, Attorney
Mark James Conley-Ellison, DOB: 4/24/95
Sandra Ellison, GAL
JoAnn Biggs, Attorney
Nicholas Black, DOB: 7/18/92
Joyce Toomes, GAL
Brooks Bossong and John Ogburn, Jr., Attorneys
Elizabeth Conley, DOB: 1/3/94
Scott Dunn, Attorney for Department of Social Services GAL
Casey Marie Conley DOB: 6/7/96
Ginger Black Conley, GAL
Neill Jennings, Attorney
Cassidy Ann Conley DOB: 6/7/96
Ginger Black Conley, GAL
Neill Jennings, Attorney
Casey Marie Conley and Cassidy Ann Conley underwent paternity testing which was performed by Lab Corp. The paternity testing excluded Mark Conley as the biological father of both children.
4. Plaintiff, Brenda S. McDowell as Guardian ad litem for Heidi Michelle Smith, contends that the amount of death benefits payable in the present case must be reduced in order to satisfy the terms of an Order by New Hanover District Court entered March 20, 1996. In that Order, the District Court found that the deceased employee was in arrears for child support in the amount of $12,542.29 as of March 20, 1996, and included the additional following language:
 "Current support terminated. Arrears set at $12,002.29 (sic) and are reduced to a Judgment against the Defendant's estate. A lien is to be placed against any and all monies received from any wrongful death of (sic) Workmens' Compensation claim prohibiting the disbursement of said monies until the child support arrears Judgment of $12,002.29 is paid in full."
5. At the initial hearing of this matter, the parties stipulated to the admission of certain documents concerning the violation of OSHA regulations by Defendant-employer, and these documents were indicated as Stipulated Exhibits 7 and 8. Included in Stipulated Exhibit 7, Citation and Notification of Penalty, on page six, is a description of a regulatory violation directly related to the accident in the present case. The Defendant-Employer was issued a citation for a "serious" violation of 29 CFR 1910.268(d)(1). The Defendant-Employer was cited for the failure of its employees to place warning signs and/or flags or other traffic control devices conspicuously to alert and channel approaching traffic at the time of the accident, and specifically notes that the employer should have placed flags on the guide rope placed across the roadway at 114 Arthur Drive in Thomasville. The evidence at the initial hearing established that the employer's crew had placed other traffic control warning devices on the roadway, and it was argued that their failure to place any on the guide rope constitutes a "willful" violation of the federal regulation in question. However, the undersigned do not find this argument credible or convincing, in light of the record as a whole. In particular, while defendant may have been negligent in failing to take the extra safety steps, its inactivity, while a "serious" OSHA violation, had no convincing evidence of record to show that it was "willful" or intentional.
Based on the foregoing stipulations and findings of fact, the undersigned make the following
 CONCLUSIONS OF LAW
1. The Order of New Hanover District Court has no effect on the Industrial Commission's obligation to order the payment of benefits pursuant to N.C.G.S. § 97-38 in the present case. It should first be noted that none of the parties of the present case, with the exception of Brenda S. McDowell and the deceased employee, were parties to the New Hanover child support proceeding. Accordingly, the language of the Order placing a lien against "any and all monies received" from any workers' compensation claim should apply only to monies payable to Brenda S. McDowell on behalf of the minor child Heidi Michelle Smith and cannot reasonably be interpreted to have any effect on benefits on behalf of minor children who were not represented in the New Hanover County matter.
2. Although OSHA found the Defendant-Employer in "serious" violation of OSHA safety regulations, as these violations were not "willful", a ten percent (10%) penalty will not be assessed pursuant to N.C.G.S. § 97-12(3).
3. The Workers' Compensation Act provides that a child of a deceased employee is presumed to be wholly dependent upon the deceased employee for support, and therefore entitled to receive death benefits under the Act. In the present case, the parental rights of the deceased employee had been terminated as to the minor child Elizabeth Nicole Conley on January 26, 1995 by Order of the Randolph County District Court. However, this should not affect the child's rights under the Workers' Compensation Act. As to the minor child, Nicholas Black, while legal custody and financial liability had been transferred to his foster parents by Randolph District Court Order of June 29, 1994, there had been no final termination of parental rights or adoption which could have affected the minor child's right to share in his acknowledged father's death benefits.
4. An order terminating parental rights under N.C.G.S. § 7-289.33 acts to terminate parental rights completely and permanently and applies to all rights and obligations of the parent to the child. The child's right of inheritance shall not terminate until such time as a final order of adoption is issued. No such order had been issued at the time of the father's death.
5. Pursuant to N.C.G.S. § 97-38, all five of the children are included to receive the benefits resulting from their father's death.
Based upon the foregoing findings of fact and conclusions of law, the undersigned enter the following
 AWARD
1. Defendant shall pay compensation to the Guardian adlitems of all five children at the rate of $201.47 per week per rata for 400 weeks beginning November 13, 1995, or until the oldest child attains the age of 18, and at such time, the other children will continue to receive their share of benefits until each child reaches the age of 18. Said weekly checks shall continue until the last child reaches the age of 18. It is noted that there is no reapportionment of total benefits as each child reaches the age of 18. This compensation shall be paid to theGuardian ad litem for the use and benefit of the minor children. That portion of the compensation which has accrued shall be paid in a lump sum. This Award is subject to an attorney's fee hereinafter approved.
2. Defendant shall pay all medical expenses incurred as a result of this death by accident when bills for the same have been submitted for payment.
3. Defendant shall pay burial expenses not exceeding $2,000.00 to the person or persons entitled thereto.
4. An attorney's fee in the amount of twenty-five percent (25%) of each child's Award is hereby approved for the attorney representing that child. Twenty-five percent of each child's compensation which has accrued, shall be deducted and be paid to that child's attorney. In addition, every fourth check due in the future shall be deducted and paid directly to that child's counsel.
5. Defendant shall pay the costs due the Commission.
IT IS FURTHER ORDERED that this case be REMOVED from the Full Commission hearing docket.
This the ___ day of _______, 1998.
 S/ ________________________ J. HOWARD BUNN, JR. CHAIRMAN
CONCURRING:
S/ ______________________ THOMAS J. BOLCH COMMISSIONER
S/ ______________________ CHRISTOPHER SCOTT COMMISSIONER